```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          NORTHERN DIVISION

DONALD J. LANGDON, et al.,      )
                                )
            Plaintiffs,         )
                                )
        v.                      )    No. 2:06CV00051 ERW
                                )
ARNIE SHEARER, et al.,          )
                                )
            Defendants.         )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the joint application of Donald J. Langdon and Kathleen Arnold Landgon for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is plaintiffs' motion to expedite and for a temporary restraining order [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicants are financially unable to pay any portion of the filing fee. Therefore, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact."

Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiffs, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiffs seek injunctive and monetary relief against Arnie Shearer and Timothy R. Bickhaus[1] for alleged violations of their constitutional rights pursuant to 28 U.S.C. § 1983; for conspiring to violate their civil rights pursuant to 28 U.S.C. § 1985(3); and for various state law claims. At the center of this action is a dispute over a parcel of real estate described as

---

[1]Plaintiff's have named "Timothy R. Bickhaus," as a defendant in this action. Exhibits attached to the complaint, however, refer to "R. Timothy Bickhaus." The Court assumes for purposes of this review that "Timothy R. Bickhaus" and "R. Timothy Bickhaus" are the same person.

2

"Lots 1 & 2 of Block 6 of Ardmore, MO," (Lots). Located on the Lots is a 100-year old building formerly used as a Methodist church (Church).

According to exhibits attached to the complaint, the Lots and Church were owned by the United Methodist Church of Ardmore, Missouri (Ardmore Methodist Church). In 1958, the Ardmore Methodist Church was declared inactive and the ownership of the Lots and Church allegedly reverted to the Missouri Annual Conference of the United Methodist Church (United Methodist Church).

Plaintiffs claim ownership of the Lots and Church by means of a deed executed by the United Methodist Church. Defendant Shearer is in possession of the Lots and Church and apparently claimed ownership by means of adverse possession. The complaint and supporting documents indicate that defendant Shearer found errors in the deed of conveyance from the United Methodist Church to the plaintiffs. Shearer believed the deed errors clouded plaintiffs' asserted ownership claim. Consequently, defendant Shearer hired defendant Bickhaus, an attorney in private practice who also serves as prosecuting attorney for Macon County, Missouri, to bring a "quiet title" action against plaintiffs in state court.

Defendant Shearer's attempt to have the state trial court confirm his ownership of the Lots and Church by the "quiet

title" action, however, was unsuccessful. On October 28, 2005, the state trial court ruled that Shearer had "failed to sustain his burden of proving by a preponderance of the evidence that he is entitled to be declared the owner in fee simple" of the Lots and Church.  The dispute between plaintiffs and defendant Shearer continued, however, because the state trial court "refused to determine the proper ownership [of the Lots and Church], to order the deed [from the United Methodist Church to the plaintiffs] corrected, or to order [d]efendant Shearer to vacate the property."[2]

On November 9, 2005, the United Methodist Church executed a corrected quit claim deed transferring its interest in the properties to plaintiffs.  A copy of that deed was recorded in Macon County, on November 23, 2005.  Plaintiffs assert that a copy of the corrected deed was provided to the defendants.  Nevertheless, defendant Shearer refuses to vacate the Lots and Church.  Defendant Shearer's actions are particularly vexing to the plaintiffs because he has made and is making alterations to the Lots and Church.  These alterations conflict with the plaintiffs' intended use of the properties.

## Discussion

---

[2]Plaintiffs assert that they attempted to appeal the state trial court's judgment to the Missouri Court of Appeals, but they were unable to pay the appellate fees and costs.  Plaintiffs further assert that the Missouri Court of Appeals – "unaccountably" and in violation of the law – would not grant them leave to proceed in forma pauperis.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A person acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Purely private conduct does not state a claim under § 1983.

In the instant case, there is no indication that defendant Shearer is in possession of the Lots and Church solely because of power granted to him by the state or county. Indeed, at the heart of this case is a purely private dispute between the plaintiffs and defendant Shearer concerning the possession and ownership of the Lots and Church. This private dispute simply does not implicate any constitutional right. Plaintiffs are deprived of their property (if at all) because of the actions of another individual, not because of government action.

That defendant Shearer hired defendant Bickhaus to bring a civil suit in state court in an attempt to settle the ownership dispute does not amount to state action. It is well settled that the actions of a privately retained attorney do not constitute action under color of state law for purposes of a § 1983 action. Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir.

1974); see also Eling v. Jones, 797 F.2d 697, 699 (8th Cir. 1986).  Although plaintiffs allege that defendant Bickhaus is also prosecuting attorney for Macon County, it is clear from the express allegations in the complaint that Bickhaus was acting in his role as a private attorney - not as the county prosecutor - when he represented defendant Shearer in the unsuccessful "quiet title" action.[3]

While a § 1983 action can be brought against private persons who act in concert with state officials to deprive an individual of federally protected rights, the facts alleged with respect to the conspiracy must be specific.  White v. Walsh, 649 F. 2d 560, 561 (8th Cir. 1981); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).  Plaintiffs have made only conclusory allegations that defendants conspired with the state court to deprive them of the Lot and Church.  Specifically, plaintiffs allege that they were "railroaded" by the state court.  Furthermore, based on what plaintiffs view as defendant Shearer's complete disregard for the state trial court's order "[i]t is not unreasonable to believe that the conspiracy involved the judge,

---

[3] The Court notes that it is not unusual for county prosecutors in the State to maintain private law practices and to represent clients in civil matters.  See State v. Moreland, 778 S.W.2d 400 (Mo. App. E.D. 1989) (noting that many prosecuting attorneys in the State work just part-time as prosecutors).  The allegations set forth in the complaint indicate that plaintiffs understood that Bickhaus was acting in his role as a private, retained attorney - not as county prosecutor - in representing Shearer.

6

as a judge who allows open and mocking contempt for his findings would cause any reasonable person to presuppose a conflict or interest, bias for a party, or bias against a party."

This is faulty logic and misrepresents the state trial court's rulings. The exhibit presented to this Court by plaintiffs clearly states that the state trial court ruled only that defendant Shearer could not be declared *owner* in fee simple of the Lots and Church. The state court's ruling, however, is completely silent with regard to Shearer's right to possess the Lots and Church. The example of landlord and tenant demonstrates that the question of who is the rightful owner of real property is a separate issue from who has the right to possess the same real estate. Thus, Shearer's continued possession of the properties is not in conflict of the state trial court's order. Indeed, the complaint asserts that the state trial court expressly refused to enter an order directing Shearer's removal from the properties - despite urging from the plaintiffs. Because plaintiffs' conspiracy claim rests entirely on the alleged conflict between Shearer's actions and the state trial courts order, the absence of such a conflict negates plaintiffs' suggestion of a conspiracy.

Furthermore, to establish a conspiracy claim under 42 U.S.C. § 1985(3), plaintiffs must establish (1) that they are members of a protected class suffering from invidious

discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. Of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state a § 1985(3) claim). Nothing in the complaint indicates that defendants were motivated by purposeful discrimination. Moreover, nothing in the complaint indicates that plaintiffs are members of a protected class. Therefore, plaintiffs' allegations concerning a civil conspiracy and conspiracy pursuant to § 1985(3) should be dismissed.

Finally, the Court notes that the State of Missouri provides private causes of action for unlawful detainer (Missouri Revised Statute § 534.030) and for ejectment (Missouri Revised Statute § 524.010). These are private causes of actions through which a litigant may obtain removal of a person who is wrongfully possessing real estate which the litigant has a right to possess. Because plaintiffs appear to have adequate remedies available to them under state law, they have failed to demonstrate irreparable harm. See Bandag, Inc. V. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (basis of federal injunctive relief is irreparable harm and inadequacy of legal remedies).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed

in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to expedite and for a temporary restraining order [Doc. #4] is **DENIED**.

An appropriate order shall accompany this order and memorandum.

So Ordered this 19th Day of September, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**